UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA** | **CASE NO. 2:19-CR-00077-01** |
| **VERSUS** | **JUDGE JAMES D. CAIN, JR.** |
| **JAMES LEE ENLOE (01)** | **MAGISTRATE JUDGE KAY** |

**MEMORANDUM ORDER**

Before the court is a Motion for Early Termination of Supervised Release [doc. 165], filed by defendant James Lee Enloe. Mr. Enloe was charged in this court with one count of possession with intent to distribute methamphetamine, a violation of 21 U.S.C. § 841(a)(1) and (b)(1)(B), and one count of possession of a firearm during a drug trafficking crime, a violation of 18 U.S.C. § 924(c). Doc. 1. He pled guilty to the narcotics charge and was sentenced to a 60-month term of imprisonment, with credit for time served since April 2019, with a four-year term of supervised release. Docs. 144, 145.

Through counsel, Mr. Enloe now moves for early termination of his supervised release. Doc. 165. He notes that, "[i]n the slightly more than one year since his release," he has complied with all terms and conditions of his supervision, including continuing his sobriety. *Id.* at 2. He also attaches certificates of the programs he completed during his incarceration and letters attesting to his good character and dedication to his recovery. Doc. 165, atts. 1 & 2. The United States Probation Office informs the court that, based on Mr.

Enloe's compliance, it has no objection and that its only hesitation is his limited time under supervision. The United States Attorney's Office opposes the motion.

The court has broad discretion to grant an early termination, after the defendant has served at least one year of his supervised release, if the relief is warranted by the defendant's conduct and the interests of justice and consistent with the factors set forth in 18 U.S.C. § 3553(a). *United States v. Jeanes*, 150 F.3d 483, 484 (5th Cir. 1998). Mr. Enloe's post-release conduct has been commendable, but "[a] defendant's faithful compliance with the terms of his supervision does not, by itself, entitle him to modification or termination of his supervised release." *United States v. Jimenez*, 2012 WL 3854785, at *1 (S.D.N.Y. Sept. 5, 2012). Instead, "such conduct is expected and required." *United States v. Guidry*, 2020 WL 908542, at *1 (N.D. Tex. Feb. 13, 2020). While Mr. Enloe has shown dedication to his recovery and compliance with the terms of his supervised release, he has served only a limited time on supervision. Additionally, his presentence investigation report shows a lengthy struggle with addiction and involvement in illegal drug activity. Given this history, the court is not satisfied that the public safety, deterrence, and rehabilitation aims of 18 U.S.C. § 3553(a) can be met by such an abbreviated period of supervision. Accordingly, **IT IS ORDERED** that the Motion for Early Termination [doc. 165] be **DENIED**.

**THUS DONE AND SIGNED** in Chambers on the 19th day of December, 2023.

JAMES D. CAIN, JR.
**UNITED STATES DISTRICT JUDGE**